JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANA YOUNG

**DEFENDANTS**
UNIVERSITY OF PENNSYLVANIA & THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff, Esquire
Console Mattiacci Law, LLC 1525 Locust Street, 9th Floor,
Philadelphia, PA 19102  215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. § 621 et seq. ("ADEA"), 43 P.S. § 951 et seq. ("PHRA"), Phila. Code §9-1101, et seq. ("PFPO").
Brief description of cause:
Plaintiff brings this action against her former employer for age discrimination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
June 7, 2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
Lane J. Schiff, Esquire

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT                    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Philadelphia, PA 19129**

Address of Defendant: **3451 Walnut Street, Philadelphia, PA 19104**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                                   Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Lane J. Schiff, Esquire** _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **June 7, 2017** _____    _____    314179
                                        Attorney-at-Law                 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **June 7, 2017** _____    _____    314179
                                        Lane J. Schiff, Esquire

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| Ana Young | : | CIVIL ACTION |
|---|---|---|
| v   Plaintiff, | : : : | |
| University of Pennsylvania & The Trustee of the University of Pennsylvania    Defendants. | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| June 7, 2017 | | Lane J. Schiff, Esquire, Attorney for Ana Young |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |

| (215) 545-7676 | (215) 405-2964 | schiff@consolelaw.com |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANA YOUNG**<br>Philadelphia, PA 19129 | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA**<br>**3451 Walnut Street**<br>**Philadelphia, PA 19104** | : | |
| | : | |
| & | : | |
| | : | |
| **THE TRUSTEES OF THE UNIVERSITY**<br>**OF PENNSYLVANIA**<br>**3451 Walnut Street**<br>**Philadelphia, PA 19104** | : | |
| | : | |
| **Defendants.** | : | |

## CIVIL ACTION COMPLAINT

### I.    INTRODUCTION

Plaintiff Ana Young ("Plaintiff") brings this action against her former employers,

University of Pennsylvania and The Trustees of the University of Pennsylvania ("Defendants").

Plaintiff was terminated at age seventy (70) with almost forty (40) years of employment with

Defendants.  Defendants discriminated against plaintiff based on her age, in violation of the Age

Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Pennsylvania Human

Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance,

Phila. Code §9-1101, *et seq.* ("PFPO"). Plaintiff seeks damages, including back-pay, front-pay,

wages earned and owed, compensatory, liquidated, punitive, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II.   PARTIES

1.      Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, Pennsylvania.

2.      Plaintiff was born in September 1945.

3.      Defendant University of Pennsylvania is an educational institution maintaining a place of business at 3451 Walnut Street, Philadelphia, Pennsylvania 19104.

4.      Defendant The Trustees of the University of Pennsylvania is a non-profit corporation maintaining a place of business at 3451 Walnut Street, Philadelphia, Pennsylvania 19104.

5.      Upon information and belief, at all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

6.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

7.      At all times material hereto, Defendants were employers within the meanings of the ADEA, PHRA, and PFPO.

8.      At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, PHRA, and PFPO.

## III.   JURISDICTION AND VENUE

2

9.      The causes of action that form the basis of this matter arise under the ADEA, PHRA, and PFPO.

10.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. § 1331.

11.     The District Court has jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in the District Court pursuant to 28 U.S.C. § 1391(b).

13.     On or about April 12, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

14.     On or about March 10, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

15.     Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

17.     Plaintiff was employed by Defendants from September 1, 1977 through January 26, 2016.

3

18.     During the course of her nearly forty (40) year tenure, Plaintiff held a number of different positions.

19.     From in or about September 1989 until her termination of employment on January 26, 2016, Plaintiff held the position of Administrative Assistant.

20.     Throughout Plaintiff's career, she consistently performed her job duties in an excellent manner.

21.     On January 26, 2016, Defendants terminated Plaintiff's employment.

22.     Plaintiff was seventy (70) years of age at that time of her termination of employment.

23.     Defendants alleged that Plaintiff was being terminated due to a department restructuring.

24.     However, Plaintiff was the only person in her department who was terminated as a result of the alleged restructuring.

25.     Subsequent to Plaintiff's termination, Defendants hired a substantially younger Grad Group Coordinator, who assumed Plaintiff's job duties and responsibilities.

26.     Subsequent to Plaintiff's termination, to the best of Plaintiff's knowledge, there were other open positions for which Plaintiff was qualified.  Defendants did not speak to Plaintiff about the same, offer those positions to Plaintiff or offer to find Plaintiff another position with in Defendants.

27.     Furthermore, one (1) week before Defendants terminated Plaintiff's employment, Defendants hired Michael Carman, Jr. as the department's Grant Coordinator.  Carman was substantially younger than Plaintiff

28.     Plaintiff was more qualified than Mr. Carman, Jr. to hold the position of Grant

Coordinator. Defendants' failed to offer Plaintiff this position.

29.     Plaintiff's age was a motivating and/or determinative factor in the discriminatory conduct towards Plaintiff, including terminating her employment, failing to place her in the position of Grant Coordinator, failing to place her in the position of Grad Group Coordinator, and failing to place her in any other positions.

30.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

31.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

32.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

33.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

34.     Defendant's violations of the ADEA were intentional and willful, warranting the imposition of liquidated damages.

35.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein.

36.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

37.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

38.     Plaintiff incorporates herein by reference of the paragraphs above, as if set forth herein in their entirety.

39.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the PHRA.

40.     As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

41.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

42.     No previous application has been made for the relief requested herein.

## COUNT III - PFPO

43.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

44.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the PFPO.

45.     Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

46.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

47.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff:

a. declaring the acts and practices complained of herein to be a violation of the ADEA;

b. declaring the acts and practices complained of herein to be a violation of PHRA;

c. declaring the acts and practices complained of herein to be a violation of the PFPO;

d. enjoining and restraining permanently the violations alleged herein;

e. awarding Plaintiff back-pay;

f. awarding Plaintiff front-pay;

g. awarding Plaintiff wages earned and owed;

h. awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

i. awarding liquidated damages to Plaintiff pursuant to the ADEA;

j. awarding punitive damages to Plaintiff pursuant to the PFPO;

k. awarding Plaintiff the costs of this action;

l. awarding Plaintiff interest;

m. awarding Plaintiff attorneys' fees;

n. awarding Plaintiff such other damages as are appropriate under the ADEA, PHRA, and PFPO; and

o. granting such other and further relief as this Court deems appropriate.

7

CONSOLE MATTIACCI LAW LLC

Date:  June 7, 2017                    By:  _____

LANE J. SCHIFF
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 405-2964 (facsimile)


Attorney for Plaintiff,
Ana Young

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ○ FEPA<br>X EEOC | 530-2016-02420 |

STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission; Philadelphia Commission on Human Relations

| NAME (Indicate Mr., Ms., Mrs.)<br>Ana Young | HOME TELEPHONE NUMBER *(Include Area Code)*<br>▮▮▮▮▮▮ |
|---|---|
| STREET ADDRESS ▮▮▮▮▮ | CITY, STATE AND ZIP<br>Philadelphia, PA 19129 | DATE OF BIRTH ▮▮▮ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>University of Pennsylvania | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(215) 898-5000 |
|---|---|---|
| STREET ADDRESS<br>3451 Walnut Street<br>Perelman School of Medicine | CITY, STATE AND ZIP<br>Philadelphia, PA 19104 | COUNTY<br>Philadelphia |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>○ Race  ○ Color  ○ Sex  ○ Religion  ○ National Origin<br>○ Retaliation  X Age  ○ Disability  ○ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest* 01/26/2016 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent on or around September 1, 1977 as a part-time Word Processing Operator in the laboratory of Paul Mueller, M.D., where I performed laboratory and office coordinator duties. On or around January 26, 1982, I was given a full time position at Respondent. In or around September of 1989, I started working in the chairman's office of the Department of Biochemistry and Biophysics. On or around July 1, 1994, I received the title Administrative Assistant; my change in title only occurred after I discovered and brought to my supervisor's attention that my job title had never been changed from my previous position. I worked in Respondent's chairman's office as a full-time Administrative Assistant until I was terminated. Respondent terminated my employment on January 26, 2016. I was seventy (70) years of age at that time, and had almost forty (40) years of service at Respondent. I had no warning that I would be terminated. Throughout my entire career at Respondent, despite my commitment and exceptional performance, I never received a raise or promotion.

I consistently demonstrated excellent performance and dedication to Respondent. By way of example, in 2009 and 2010, I received great annual performance reviews from Respondent.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date: 4/11/16    Charging Party (*Signature*): *Ana Young* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party –

2.    Harm Summary

I have been discriminated against because of my age (70).  Evidence of the discriminatory
conduct to which I have been subjected includes, but is not limited to, the following:

(a)  At the time of my termination, I reported to Ruth Keris (67 years of age[a]), who is the
Graduate Group Administrator and Coordinator.  Ms. Keris reported to the Interim
Chairs of the Department, Kristen Lynch (who is in her 50s) and Mitchell Lewis (who
is in his 60s).

(b)  I received very good performance evaluations in 2009 and 2010.  However, in 2014
and 2015, Respondent blindsided me with very negative performance reviews.

(c)  These negative performance reviews in 2014 and 2015 contained untrue information
about my work performance, and suspiciously coincided with when my supervisor
Ms. Keris announced that she was going to retire in January 2017.

(d)  On January 26, 2016, around 3:30pm, Michelle Hackett from Human Resources
asked me to go with her to a classroom where Dr. Lynch, Dr. Lewis, and Lisa Bonner,
a Business Administrator, were already waiting.

(e)  At the meeting, Ms. Hackett told me that because of department restructuring, my
position has been terminated and this would be my last day of work.  Dr. Lynch
stated that this was not due to performance, and that she will give me a good
recommendation.

(f)  After the fifteen- (15) minute meeting, Respondent gave me a letter, memorializing
my termination and stating that that day, January 26, 2016, was my last day, with an
effective separation date of February 25, 2016.

(g)  When I was notified by letter of my termination, I was informed that the reason for
termination was restructuring, but I was the only one in the department that was fired.

(h)  I also found out from another employee that I would be replaced following my
termination, but that my replacement would hold a different title: Graduate Group
Coordinator.  Respondent sent an email out the day after my termination, notifying all
faculty that my duties would be redistributed and that Respondent would seek to hire
my replacement.  I suspect that Respondent purposely kept this information from me.

(i)  I do not know if Respondent has yet replaced me; it seems like everyone from my
department is afraid to talk to me.

(j)  One week before I was fired, Respondent hired Michael Carman, Jr., a man in his
late twenties (20s), as the department's Grant Coordinator.

(k)  Among my multiple duties between 1977 and 1989, I performed many of the Grant
Coordinator responsibilities, such as preparing grant applications, grant renewals,
and grant extensions.  I believe I am more than qualified to hold the Grant
Coordinator position.

---

[a] All ages herein are approximations.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party –

(l)  I had no advance warning or notice of any kind that Respondent was going to
terminate my employment, after my almost forty (40) years of service to Respondent.

(m) After I was fired, Respondent redistributed my duties to other people in the
department, a temporary measure until Respondent hires a Graduate Group
Coordinator to replace me.

(n)  I was the only one terminated in Respondent's "restructuring" process, and my
position was the only one that was "eliminated"—despite the Interim Chairs stating
that they were planning to hire another person to take over my duties.

B.   1.   Respondents' Stated Reasons

(a)   Respondent's stated reason for my termination, restructuring, is a pretext for age
discrimination.

C.   1.   Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (70) in violation
of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.*
("ADEA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.*
("PHRA"); and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-
1100, *et seq.* ("PFPO") as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### Ana Young v. University of Pennsylvania

EEOC No. 530-2016-02420

   You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act.  Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws   and procedures vary in a manner which would affect the outcome of your case.

   Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are   unlawful discrimination.  If PHRC determines that your PHRC complaint is untimely, it will be   dismissed.

   If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with   your signature under the verification below, will constitute filing with the PHRC.  You have chosen   EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept   EEOC's finding.  If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

   Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,   the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is   required by either party, unless/until otherwise notified by PHRC.

   If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file   your complaint in state court.  PHRC will inform you of these rights and obligations at that time.

### [Sign and date appropriate request below]

   __X__  I want my charge filed with PHRC.  I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint.  I request EEOC to transmit it to  PHRC.

   __X____  *I understand that false statements in this complaint are made subject to the penalties of 18   Pa.C.S. §4904, relating to unsworn falsification to authorities.*

                  X         _Ana Young_____
                       Signature and Date

   _____  I do not want my charge dual filed with PHRC

                             _____
                             Signature and Date

RECEIVED 16 APR 12 PM 2:18

# EXHIBIT B

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Ana Young | From: | Atlanta District Office |
| --- | --- | --- |
| Philadelphia, PA 19129 | | 100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
| --- | --- |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 530-2016-02420 | Terry Tollefson,<br>Enforcement Supervisor | (404) 562-6970 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____                                    MAR 1 0 2017

Enclosures(s)                    Bernice Williams-Kimbrough,                    (Date Mailed)
                                 District Director

cc:   Sean Burke                                    Stephen G. Console
      Associate General Counsel                     CONSOLE LAW OFFICES
      UNIVERSITY OF PENNSYLVANIA                    1525 Locust Street
      Office of General Counsel                     9th Floor
      133 S. 36th Street, Suite 300                 Philadelphia, PA 19102
      Philadelphia, PA 19104-3246